UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DERRICK HOWARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:10CV2366 HEA |
|  | ) |  |
| FIRE INSURANCE EXCHANGE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion requesting clarification of order for payment of filing fees. Plaintiff, a prisoner, objects to the manner in which the Bureau of Prisons is garnishing his prison trust account to satisfy court orders granting him in forma pauperis status and directing collection and payment of filing fees when funds are available in several of his cases before this Court. Plaintiff requests that the funds be withdrawn sequentially, rather than simultaneously, so that he may retain some funds for purchasing writing tools and legal materials. Having considered the issue, the Court will deny the motion.

Title 28 U.S.C. § 1915(b) states:

[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)-(2).

Plaintiff has recently filed four cases in this Court.[1] Plaintiff maintains that the BOP is deducting 80 percent of his preceding month's income whenever his account exceeds $10 to cover the fees for each of the four cases. Plaintiff argues that the BOP may only garnish 20 percent of his preceding month's income at any one time, allowing him to pay his filing fees sequentially, or one at a time. In support of his argument, plaintiff cites to Whitfield v. Scully, 241 F.3d 264 (2nd Cir. 2001), and Skinner v. Govorchin, 463 F.3d 518 (6th Cir. 2006).

In Whitfield, the Second Circuit determined that under § 1915(b)(2), filing fees should be collected sequentially by case, collecting all fees in the case, before moving

---

[1]In addition to the instant case, see Howard v. BIS Investments, LLC, 4:10CV2365 CDP; Howard v.Bank of America, 4:10CV2367 CDP; Howard v. Fidelity Nat'l Ins. Co., 4:10CV2368 HEA.

on to the next cases's assessed filing fees. This system prohibits the prison from assessing more than 20 percent of an indigent prisoner's monthly income, regardless of the number of lawsuits that the inmate has filed. See Whitfield, 241 F.3d at 277. When an inmate has filed several actions, the Whitfield court decided that each filing fee should be fully-satisfied in sequence in the order it was incurred. In reaching this result, the Second Circuit reasoned that "the simultaneous collection of multiple encumbrances could potentially expose 100 percent of a prisoner's income to recoupment." Id. at 276. The Second Circuit was concerned that such a result could "pose a serious constitutional quandary as to whether an unreasonable burden has been placed on the prisoner's right of meaningful access to the courts." Id. at 277. Stating that a court should "'avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question,'" Whitfield held that under § 1915(b)(2), filing fees should be paid sequentially at a constant rate of 20 percent of the prisoner's income. Id. (quoting Gomez v. United States, 490 U.S. 858, 864 (1989)).

In Skinner, the Sixth Circuit held that § 1915(b)(2) does not allow the administrator of a prisoner's trust account to remove more than 20 percent of the prisoner's preceding month's income at any one time. See Skinner, 463 F.3d at 523-24. In that case, plaintiff had filed several cases in federal court, and the state was

removing 100 percent of his monthly income. Id. at 524. The Sixth Circuit looked at the plain language of § 1915(b)(2) and found that such a practice was "not allow[ed]" under the statute. Id.

Other courts addressing this question have reached a different conclusion. In Newlin v. Helman, the Seventh Circuit considered a case where the prisoner protested simultaneous orders to pay both his outstanding district court filing fee and his appellate court filing fee. 123 F.3d 429 (7th Cir.1997), *overruled in part on other grounds* by Lee v. Clinton, 209 F.3d 1025 (7th Cir.2000). The court noted that "[t]he statute does not tell us whether the 20 percent-of-income payment is per case or per prisoner." Id. at 436. Reasoning that, just as a complaint and an appeal can produce two strikes against one prisoner for one case, so too should the district and appellate fees aggregate for payment purposes in one case.

> Otherwise a prisoner could file multiple suits for the price of one, postponing payment of the fees for later-filed suits until after the end of imprisonment (and likely avoiding them altogether). The PLRA is designed to require the prisoner to bear some marginal cost for each legal activity. Unless payment begins soon after the event that creates the liability, this will not happen. A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid-though by then a prisoner is likely to have three strikes and to owe all future filing fees in full, in advance.

Id. The court concluded that, if a prisoner files five cases, whether district or appellate, he willingly incurred the risk of having his entire monthly income garnished until the fees are paid. Id..

In Atchison v. Collins, the Fifth Circuit agreed with the Seventh Circuit and held that § 1915(b)(2) mandates that prisoners pay twenty percent of their monthly income simultaneously for each case they have filed. 288 F.3d 177, 180 (5th Cir. 2002). The court noted that, in order to read the statute consistently, § 1915(b)(2), which requires twenty percent monthly payments, should correspond with § 1915(b)(1), in which the initial partial filing fee is imposed in each case, not just once per prisoner, regardless of the number of suits filed. Id. at 180-81. The court concluded that the statute, read as a whole, authorizes a court to collect an initial fee, and directs that same court to collect twenty percent of a prisoner's income for monthly payments, irrespective of the number of suits the prisoner has already initiated. Id. at 181. The court stated that to read the statute otherwise would create "absurd results." Id. The court also found that no "serious constitutional questions [are] raised" by the simultaneous collection of fees in each case under § 1915(b) because "indigent persons have no constitutional right to proceed in forma pauperis" and "states are constitutionally bound to provide [prisoners] with the necessities of life." Id.

Several district courts in the Ninth Circuit have followed Newlin and have held that filing fees should be deducted simultaneously, on a per case, rather than a per prisoner, basis. E.g., Hendon v. Ramsey, 478 F. Supp. 2d 1214, 1219-20 (S.D. Ca. 2007).

Similarly, in Lefkowitz v. Citi-Equity Group, Inc., the Eighth Circuit followed Newlin and held that "the twenty-percent rule should be applied per case." 146 F.3d 609, 612 (8th Cir. 1998). At issue was whether plaintiff, who filed two separate appeals, was responsible for two appellate filing fees (i.e., on a per case basis) or only one (i.e., on a per prisoner basis). The Eighth Circuit found that the fee provisions of § 1915(b) "do not deny prisoners constitutionally guaranteed access to courts" and

> conclude[d] that Congress had a rational basis for treating prisoners differently from nonprisoners by requiring them to pay the filing fees (albeit in installments), i.e., that Congress has a legitimate interest in curbing meritless prisoner litigation, and that making indigent prisoners partially responsible for the costs of their litigation would decrease the amount of such meritless litigation.

Id.

The simultaneous deduction of fees in all of a prisoner's cases is the better reasoned approach. First, reading the statute as a whole, it is apparent that a simultaneous fee collection system is more closely aligned with the language and intent of the statute, as it tracks more closely with § 1915(b)(1)'s initial partial filing

fee provisions. Moreover, as the Newlin court noted, allowing the simultaneous collection of fees in all of a prisoner's cases comports with the PLRA's stated goals of requiring prisoners to pay for their actions and reducing frivolous prisoner litigation. See Newlin, 123 F.3d at 436. And such a scheme does not violate an inmate's access to the courts because, as the United States Supreme Court has stated, "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Finally, this conclusion is bolstered by the Eighth Circuit's holding that filing fees must be taken out on a per case basis. See Lefkowitz, 146 F.3d at 612. As a result, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion requesting clarification of order for payment of filing fees plaintiff's motion requesting clarification of order for payment of filing fees [doc. #23] is **DENIED**.

Dated this 19th day of May, 2011.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE