UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2366 HEA |
| | ) | |
| FARMERS INSURANCE COMPANY, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's first amended complaint. Upon review of the case file, the Court finds that subject matter jurisdiction may be lacking. The Court will order the parties to submit further briefing on the matter.

Plaintiff originally brought this action against Farmers Insurance Company, Inc. ("Farmers"), for breach of contract. In his amended complaint, plaintiff brings claims against several additional defendants who are officers of Farmers. Plaintiff's basis for jurisdiction is diversity.

When plaintiff brought this action, he was incarcerated at USP Hazelton, in West Virginia. In his original complaint, plaintiff stated in a conclusory manner that he was domiciled in West Virginia for diversity purposes, but plaintiff did not

otherwise indicate in the complaint that he intended to stay in West Virginia after his period of incarceration ends. Plaintiff is now incarcerated at USP Coleman, in Florida. Plaintiff argues strongly in his amended complaint that he is domiciled in Florida because he requested a transfer from the BOP to a facility in that state and because he intends to stay there after he is released.

Jurisdiction is determined by examining the citizenship of the parties at the time the action is commenced as reflected by filing the complaint with the court as prescribed by Rule 3 of the Federal Rules of Civil Procedure. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed.) (2011). Therefore, at issue in this case is the location of plaintiff's citizenship when he commenced this action.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)(citations omitted). Domicile requires both that the person be living in the State, and have the intent to make the State "a fixed and permanent home." Commissioner v. Nubar, 185 F.2d 584, 587 (4th Cir. 1951) (internal quotation marks, citation omitted).

With respect to the domicile of prisoners, the rule is that there is a rebuttable presumption that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he retains his pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" Id. at 251. Moreover, the prisoner must "allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id.

In this case, plaintiff has not shown, and indeed he cannot show, that he was domiciled in West Virginia at the time he filed this action. His original complaint contained no more than an unsubstantiated declaration that he was domiciled in West Virginia at the time. And plaintiff has now come forward with declarations that he did not intend to stay in West Virginia post-incarceration, but that he intended to move to Florida instead.

The Court takes judicial notice of the filings in United States v. Howard, 4:05CR235 CEJ (E.D. Mo.), to find that plaintiff was domiciled in the State of Missouri before he was taken into federal custody. As a result, the Court finds that plaintiff was a citizen of the State of Missouri when he filed this action.

In his original complaint, plaintiff alleged that Farmers was located in the State of Kansas for purposes of diversity jurisdiction. Farmers has denied this, but Farmers has not stated in which state or states it is located in for diversity purposes. As a result, it is unclear whether diversity jurisdiction exists, and the Court will order the parties to submit further briefing on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause no later than fourteen (14) days from the date of this Order why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Farmers shall file a brief no later than fourteen (14) days from the date of this Order stating its location for diversity jurisdiction purposes and whether diversity jurisdiction is present in this action.

Dated this 26th day of July, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE