UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV2366 HEA |
| ) | |
| FARMERS INSURANCE COMPANY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for review of the parties' briefs on whether subject matter jurisdiction exists and on plaintiff's motion for change of venue. Upon review of the briefs, the Court finds that subject matter jurisdiction is lacking. Furthermore, the Court finds that a change of venue is unwarranted. As a result, the Court will dismiss this action without prejudice.

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff originally brought this action against Farmers Insurance Company, Inc., for breach of contract. Plaintiff's basis for jurisdiction is diversity. Defendant has informed the Court that its proper corporate name is Mid-Century Insurance

Company ("Mid-Century"), not Farmers. Plaintiff subsequently filed an amended complaint against Mid-Century, in which he named several individuals as defendants.

Plaintiff, a prisoner, began this action in the United States District Court for the Southern District of West Virginia. When plaintiff brought this action, he was incarcerated at USP Hazelton, in West Virginia. The West Virginia district court found that venue was proper in this District, and the court transferred the case here.

Upon receipt of plaintiff's amended complaint, the Court found that subject matter jurisdiction may be lacking, but the Court did not have sufficient information about the parties to make such a determination. On July 26, 2011, the Court ordered the parties to submit briefing on the matter of whether diversity jurisdiction exists. Plaintiff has responded by filing a motion for change of venue. Defendant has responded by demonstrating that diversity jurisdiction does not exist.

In his original complaint, plaintiff stated in a conclusory manner that he was domiciled in West Virginia for diversity purposes, but plaintiff did not otherwise indicate in the complaint that he intended to stay in West Virginia after his period of incarceration ends. Plaintiff is now incarcerated at USP Coleman, in Florida. Plaintiff argues strongly in his amended complaint that he is domiciled in Florida because he requested a transfer from the BOP to a facility in that state and because he intends to stay there after he is released.

Jurisdiction is determined by the examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court as prescribed by Rule 3 of the Federal Rules of Civil Procedure. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed.) (2011). Therefore, at issue in this case is the location of plaintiff's citizenship when he commenced this action.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)(citations omitted). Domicile requires both that the person be living in the State, and have the intent to make the State "a fixed and permanent home." Commissioner v. Nubar, 185 F.2d 584, 587 (4th Cir. 1951) (internal quotation marks, citation omitted).

With respect to the domicile of prisoners, the rule is that there is a rebuttable presumption that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he retains his pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" Id. at 251.

Moreover, the prisoner must "allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id.

In this case, plaintiff has not shown, and indeed he cannot show, that he was domiciled in West Virginia at the time he filed this action. His original complaint contained no more than an unsubstantiated declaration that he was domiciled in West Virginia at the time. And plaintiff has now come forward with declarations that he did not intend to stay in West Virginia post-incarceration, but that he intended to move to Florida instead.

The Court takes judicial notice of the filings in United States v. Howard, 4:05CR235 CEJ (E.D. Mo.), to find that plaintiff was domiciled in the State of Missouri before he was taken into federal custody. As a result, the Court finds that plaintiff was a citizen of the State of Missouri when he filed this action.

Diversity jurisdiction "requires complete diversity among the parties." Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001). That is, "diversity jurisdiction does not apply to cases in which there are citizens from the same state on opposing sides of the litigation." 13E Fed. Prac. & Proc. Juris. § 3605 (3d ed.).

In his amended complaint, plaintiff added Kimberly Haskins as defendant. Mid-Century asserts that Haskins is a Missouri resident. And plaintiff admitted that

Haskins is a Missouri resident in his amended complaint. Because both plaintiff and Haskins were Missouri residents when this action was commenced, and also when the amended complaint was filed, complete diversity is absent. The Court, therefore, does not have subject matter jurisdiction over this case.

Defendant has also shown that the maximum value of this case to plaintiff is $60,000. Diversity jurisdiction is lacking for this reason as well.

In his motion for change of venue, plaintiff requests that the Court transfer this action to the Middle District of Florida. Under, 28 U.S.C. § 1391(a), venue is proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." None of these requirements are present in the Middle District of Florida, where none of the defendants are located and which had no connection with the events that gave rise to the complaint. As a result, the Court will deny plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for change of venue [Doc. 40] is **DENIED**.

A separate Order of Dismissal will be filed with this Memorandum and Order.

Dated this 16th day of August, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE